**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES DAVID FLANSBURG, | ) |
| Petitioner, | ) 3:10-cv-00106-RCJ-VPC |
| vs. | ) **ORDER** |
| JACK PALMER, *et al.*, | ) |
| Respondents. | ) |

James David Flansburg, a Nevada prisoner, has submitted a motion for leave to file longer than normal petition (docket #1-1), a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (docket 1-2), a motion for appointment of counsel (docket #1-3) and has paid the filing fee (docket #7). Therefore, the motion for leave to file a longer than normal petition shall be granted and the habeas petition will be filed and docketed.

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each Petition for Writ of Habeas Corpus. The Court must dismiss a Petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing 2254 Cases; *see, also, Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990). The court notes from its preliminary review that the petition appears to be untimely filed pursuant to 42 U.S.C. § 2244(d). In the petition, petitioner has offered argument to overcome the timeliness issue. A discussion of that argument and the court's analysis follows.

Statute of Limitations

Under the AEDPA statute of limitations, a petition for writ of habeas corpus generally must be filed within one year from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). The Ninth Circuit Court of Appeals has held that the "time for seeking direct review" under 28 U.S.C. §2244(d)(1)(A) includes the ninety-day period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court under Supreme Court Rule 13, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). However, in this case, petitioner did not file a direct appeal and the time for that expired thirty days after entry of the judgement of conviction. *See* Nevada Rules of Appellate Procedure 3, and 4. Thus, his conviction became final thirty days after entry of the judgment of conviction, which, according to the petition, was on July 19, 2007. As a result, the federal petition for writ of habeas corpus had to be filed on or before August 18, 2008 unless the time was tolled during a pending state post-conviction proceedings. 28 U.S.C. § 2244(d)(2). In this case, no such petition was filed until after the expiration of the one-year limitation period, as the petitioner indicates the state post-conviction petition was not filed until February 3, 2009. This federal petition is, therefore, untimely.

Equitable Tolling

The petition must be dismissed under 28 U.S.C.§ 2244(d) unless petitioner is entitled to equitable tolling of the one-year limitation period. *Tillema v. Long*, 253 F.3d 494 (9th Cir. 2001) contains a clear statement of the basic law governing equitable tolling of the AEDPA statute of limitations:

> As we have previously held, "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *see also Calderon v. United States Dist. Court (Kelly)*, 128 F.3d 1283, 1288-89 (9th Cir. 1997), *overruled on other grounds by Calderon v. United States Dist. Court*, 163 F.3d 530 (9th Cir. 1998) (en banc) (petitioner entitled to equitable tolling where petitioner's counsel withdrew and left replacement counsel with

2

>unusable work product that made timely filing impossible); *Kelly*, 163 F.3d at 541-42 (petitioner entitled to equitable tolling because the district court ordered a stay preventing petitioner's counsel from filing a timely habeas petition and because petitioner was allegedly mentally incompetent).

*Tillema*, 253 F.3d at 504.

However, the Ninth Circuit Court of Appeals has also made clear that equitable tolling is unavailable in most cases. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling is only appropriate "if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miranda*, 292 F.3d at 1066 (*quoting Calderon v. United Stated Dist. Court (Beeler)*, 1289 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998)(*en banc*))(emphasis in original). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda*, 292 F.3d at 1066 (*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.), *cert. denied*, 531 U.S. 878 (2000)). Additionally, the statute of limitations is subject to equitable tolling only when an inmate diligently pursues his claims. *Woodward v. Williams,* 263 F.3d 1135, 1142 -1143 (10th Cir.2001).

Here, petitioner argues that his petition should be found to be timely because his public defender, who until just before his appointment to represent petitioner had been a deputy prosecutor, did not represent petitioner's interests, coerced him to enter into the guilty plea and then denied that petitioner had any right to a direct appeal. The negligence of counsel will not act to excuse an untimely petition. *Ford v. Hubbard,* 330 F.3d 1086, 1106 (9th Cir. 2003). Moreover, counsel's representations about the availability of a direct appeal following a guilty plea is supported by Nevada law. *See* Nevada Revised Statutes 177.015(4).

Petitioner further argues that during his time at the Clark County Detention Center after conviction but before his transfer into the custody of the Nevada Department of Corrections and then during his intake processing, which took at least thirty-nine days, he had no access to legal materials or

1 resources. Petitioner also asserts that the access to legal materials at the High Desert Correctional
2 Center, where he was finally assigned, was inadequate to allow him to determine his appeal rights.

3       The Ninth Circuit has held that claims of ignorance of the law and illiteracy are insufficient
4 to justify equitable tolling. *See, e.g., Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909
5 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to
6 establish cause); *Kibler v. Walters*, 220 F.3d 1151, 1153 (9th Cir. 2000) (lack of knowledge of state law
7 not cause); *See, also, Marsh v. Soares*, 223 F.2d 1217, 1220 (10th Cir. 2000); *Fisher v. Johnson*, 174
8 F.3d 710 (5th Cir. 1999); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991). Additionally, the time he
9 was held for processing was an insignificant period of time out of the one year limitations period.

10       Finally, petitioner argues that he was being medicated for stress and depression, which
11 medication made him "suggestiable to anything put to him by assigned counsel." This allegation does
12 not excuse the untimely filing of the petition. Petitioner does not suggest that he was mentally unable
13 to communicate or to seek out legal assistance after he was sentenced and incarcerated at the High Desert
14 State Prison. His contentions that the prison staff was harsh and the access to legal materials difficult are
15 insufficient to demonstrate extraordinary circumstances beyond his control. Petitioner has not shown that
16 he was diligent in pursuing his post-conviction review.

17       This petition is untimely filed and petitioner is not entitled to equitable tolling of the
18 limitations period. The petition shall be dismissed with prejudice.

19       Because the petition is being dismissed, the motion for appointment of counsel shall be
20 denied as moot.

21     Certificate of Appealability

22       In order to proceed with his appeal, petitioner must receive a certificate of appealability.
23 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951
24 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a
25 petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate
26

4

of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the Clerk shall **FILE AND ELECTRONICALLY SERVE** a copy of the petition for writ of habeas corpus and other motions submitted therewith, together with and a copy of this order upon respondents.

**IT IS FURTHER ORDERED** that the Motion for Leave to File a Longer than Normal Petition is **GRANTED.**

**IT IS FURTHER ORDERED** that the Motion for Appointment of Counsel is **DENIED.**

**IT IS FURTHER ORDERED** that the petition is **DISMISSED WITH PREJUDICE.** No certificate of appealability shall issue. The Clerk shall enter judgment accordingly.

DATED: This 26th day of October, 2010.

_____
UNITED STATES DISTRICT JUDGE